# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# ABILENE DIVISION

| | |
|---|---|
| **JEREMY STEIDLEY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    CIVIL ACTION NO. _____ |
| | ) |
| **ATLAS TRUCK LINES, INC.;** | ) |
| **ATLAS ROCK HAULING COMPANY,** | ) |
| **INC.; JOHN DOE ROCK TRUCK LINES,** | ) |
| **INC. OR ROCK HAULING COMPANY,** | ) |
| **INC.; and JOHN DOE DRIVER,** | ) |
| | ) |
|     **Defendants.** | ) |

## COMPLAINT

Comes now the Plaintiff, Jeremy Steidley, and for his cause of action against the Defendants, alleges and states:

## JURISDICTION AND VENUE

1. Jurisdiction is founded upon diversity of citizenship under 28 U.S.C. § 1332.

2. Plaintiff Jeremy Steidley is a citizen of the State of Oklahoma.

3. Defendant Atlas Truck Lines, Inc.; Atlas Rock Hauling Company, Inc.; John Doe Truck Lines, Inc. or Rock Hauling Company, Inc. (collectively "Defendant company") is a citizen of the State of Texas or of a state other than the State of Oklahoma, incorporated in and having its principal place of business in the State of Texas or a state other than the State of Oklahoma. The true identity of Defendant company is unknown. This Complaint will be amended upon determination of its true identity.

4. Defendant John Doe driver is a citizen of the State of Texas or of a state other than the State of Oklahoma. His true identity is unknown. This Complaint will be amended upon determination of his true identity.

5. Complete diversity exists between Plaintiff and Defendants.

6. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court and this division because the acts and occurrences giving rise to this action took place in Sweetwater, Nolan County, Texas.

## FACTS

8. On August 17, 2010, Plaintiff was driving a truck full of gravel down a grade in a single lane roadway in Nolan County, Texas, near Sweetwater, Texas.

9. Defendant John Doe driver was driving an empty truck up the single lane roadway without proper clearance, resulting in a head-on collision between said trucks.

10. The collision resulted in injuries and damages to Plaintiff as specifically set forth below.

11. At all times relevant herein, Defendant John Doe driver was the servant, employee and agent of Defendant company and was acting within the scope and course of such servancy, employment and agency.

## COUNT ONE -- NEGLIGENCE

12. The injuries and damages sustained by Plaintiff were the direct and proximate result of the carelessness and negligence of Defendants and each of them. Defendant John Doe driver was negligent in that he:

    a. failed to follow instructions to radio that the roadway was clear before he began his ascent;

    b. failed to follow the work policy and safety procedures before driving on the single lane roadway;

    c. failed to keep a proper lookout for other vehicles using said roadway;

    d. failed to stop with a sure clear distance ahead;

    e. knowingly and intentionally violated and failed to comply with working instructions to radio ahead to make sure the roadway was clear before his ascent; and

    f. was not properly trained or qualified to drive the truck he was driving on the job site involved.

13. Defendant company was negligent:

    a. in hiring a driver who was not qualified to drive the truck he was driving; and

    b. in hiring a person who refused and failed to follow the safety instructions for making sure there was clearance on the roadway before making his ascent.

## DAMAGES

14. As a direct result of the above-described collision and negligence, Plaintiff has suffered injuries to his body, neck, and back, which injuries have caused and will cause Plaintiff to suffer severe anxiety, pain and suffering, disability, limitations, depression and psychological overlay.

15. Plaintiff has incurred and will incur in the future, medical expenses for the necessary care and treatment of his injuries.

16. Plaintiff has incurred and will incur loss of earnings and wages by reason of his injuries.

17. Said injuries have damaged Plaintiff in a sum in excess of $75,000.00, exclusive of interest and costs.

## JURY DEMAND

18. Plaintiff requests a jury trial on all issues triable of right by a jury.

WHEREFORE, Plaintiff Jeremy Steidley prays for judgment against Defendants, and each of them, in a sum in excess of $75,000, for pre- and post-judgment interest, costs of this action, and any other relief, both special and general, to which he may be entitled.

    Respectfully submitted,

    /s/ David R. Weiner_____
    David R. Weiner
    Texas Bar No. 21087500

    Weiner Law Firm
    One Lincoln Centre
    5400 LBJ Freeway, Suite 1260
    Dallas, Texas 5240
    Tel (214) 871-6600
    Fax (214) 871-6640
    dweiner@weinerlawfirm.com

    ATTORNEY FOR PLAINTIFF