UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JEREMY STEIDLEY, | § § § | |
| Plaintiff, | § § | Civil Action No. 1:12-cv-00146-C |
| v. | § § | |
| ATLAS OILFIELD CONSTRUCTION COMPANY, LLC, | § § § | |
| Defendants. | § | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, SUBJECT TO MOTION TO SET ASIDE DEFAULT JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Atlas Oilfield Construction Company, LLC, the named Defendant in the above entitled and numbered cause, and files this its answer to Plaintiff's amended complaint and would respectfully show the Court the following:

### RESPONSES TO NUMBERED PARAGRAPHS

1.   Admit.

2.   Admit.

3.   Admit that the principal place of business is in Abilene, Taylor County, Texas. Otherwise, admit.

4.   Admit.

5.   Denied as the Defendant has no knowledge or information sufficient to form a belief as to whether the damages actually exceed the sum of $75,000.00, exclusive of interest and costs.

6.   Admit that venue is proper in the Northern District of Texas and admit that this

division is proper if the accident occurred in Nolan County, otherwise, denied as to the proper division if the accident occurred in Roberts County.

7. Denied as the Defendant has no knowledge or information sufficient to form a belief as to where the accident occurred and whether the well site is properly identified.

8. Denied as the Defendant has no knowledge or information sufficient to form a belief as to how the accident may have happened.

9. Denied as the Defendant has no knowledge or information sufficient to form a belief as to whether the accident caused injuries and damages to the Plaintiff.

10. Denied.

11. Denied as to subsections (a) – (f) as the Defendant has no knowledge or information sufficient to form a belief as to the alleged John Doe driver's actions, training or qualifications.

12. Denied as to subsections (a) and (b) as Defendant did not hire, train or supervise the driver in question and otherwise, denied.

13. Denied as the Defendant has no knowledge or information sufficient to form a belief as to whether the accident caused injuries and damages to the Plaintiff and if so, to what extent.

14. Denied as the Defendant has no knowledge or information sufficient to form a belief as to whether the Plaintiff has incurred medical expenses or will incur such expense in the future.

15. Denied as the Defendant has no knowledge or information sufficient to form a belief as to whether the Plaintiff has incurred or will incur loss of wages or earnings.

16. Denied as the Defendant has no knowledge or information sufficient to form a belief as to whether the Plaintiff has incurred damages in excess of $75,000.00, exclusive of costs or

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT,
SUBJECT TO MOTION TO SET ASIDE DEFAULT JUDGMENT
Answer to Amended Complaint.doc

Page 2

interest

17. Admit as to the request for a jury trial. Otherwise, denied as to the prayer for relief.

## AFFIRMATIVE DEFENSES

18. Pleading further, if same be necessary, the Defendant would assert that the Plaintiff's claims are barred in whole by the applicable two year statute of limitations. The Plaintiff has pled the accident occurred on August 17, 2010. The Plaintiff's Original Complaint was filed on December 28, 2012, more than two years after the date accident.

19. Pleading further, if same be necessary, the Defendant would assert that the Plaintiff's claims are barred in whole against this Defendant as Atlas Oilfield Construction Company LLC was not involved or participating in any operations in either Nolan County, Texas or Roberts County, Texas, in or around the date of the alleged accident. In fact, at all times material herein and throughout 2010, Defendant was engaged in business in Pennsylvania and not in Texas. See the affidavit of Gary Morrison attached to the Brief in Support of Motion for Leave to Set Aside Default Judgment filed concurrently herewith.

20. Pleading further, and to the extent the Plaintiff has incurred medical expenses in the past and will sustain, in reasonable medical probability, medical expenses in the future, the Defendant would show by way of affirmative defense that the Plaintiff is limited to recover only those expenses actually paid or incurred pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code.

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT,
SUBJECT TO MOTION TO SET ASIDE DEFAULT JUDGMENT
Answer to Amended Complaint.doc

Page 3

## PRAYER

WHEREFORE, HAVING ANSWERED HEREIN, Defendant Atlas Oilfield Construction Company, LLC prays that the true facts be ascertained, that it be relieved from any and all liability in connection with this lawsuit, it be discharged with its costs, and for such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

BY: /s/ Robert B. Wagstaff
    **Robert B. Wagstaff**
    **Attorney-in-Charge**
    **State Bar No. 20665000**
    **rwagstaff@mcmahonlawtx.com**

MCMAHON SUROVIK SUTTLE, P.C.
P. O. Box 3679
Abilene, TX 79604
(325) 676-9183 Telephone
(325) 676-8836 Fax

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument was filed electronically with the Court's electronic filing system on this 14th day of June, 2013, in accordance with the Federal Rules of Civil Procedure and LR5.1 of the Northern District of Texas.

/s/ Robert B. Wagstaff
**Robert B. Wagstaff**

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT,
SUBJECT TO MOTION TO SET ASIDE DEFAULT JUDGMENT
Answer to Amended Complaint.doc

Page 4